[No. 15858. Department Two. July 22, 1920.]

E. R. HUNTER, *Respondent*, v. COLIN O. RADFORD *et al.,*
*Appellants*, GEORGE W. THORNE *et al., as the*
*Seattle Hotel News, Defendants.*[1]

SALES (54)—BREACH—RESCISSION BY BUYER—FAILURE TO DELIVER
POSSESSION. Under a contract for the sale of the personal property
and leasehold of a hotel, the contract to be performed within ten
days and providing that time was the essence thereof, and that the
title to the property should be made good within such time or the
agreement to be void, failure of the defendant to deliver possession
of the property through failure to acquire title thereto entitles the
purchaser to rescind the contract and recover earnest money paid
thereon.

SAME (59)—RESCISSION BY BUYER—CONDITIONS PRECEDENT—TEN-
DER OF PURCHASE PRICE. Conceding that the delivery of possession
and tender of payment were concurrent acts, under a contract for
the purchase of a lease and hotel equipment the purchaser may
rescind and recover earnest money paid, without first tendering
payment and demanding possession, it being known that he had the
money in his possession and was able and willing to perform, but
that defendant was unable to deliver because unable to acquire the
right of possession within the time limited.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered January 13, 1920, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Affirmed.

*Tucker & Hyland* and *William C. Keith,* for appel-
lants.

*Howard O. Durk,* for respondent.

MOUNT, J.—In September, 1918, E. R. Hunter en-
tered into a written contract with the Seattle Hotel
News, acting as agent for Colin O. Radford, as follows,
omitting immaterial portions:

"Seattle, Wash., Sept. 7, 1918.
"Received of E. R. Hunter two thousand dollars as
earnest money and in part payment for the purchase

[1] Reported in 191 Pac. 794.

of certain personal property in Multnomah county, Oregon, particularly described as follows: All furniture, equipment, fixtures, electric bus, leasehold of Cornelius Hotel, Park and Alder streets, Portland, for thirteen years, at $890 per month, together with all improvements thereon, which we have this day sold to the said E. R. Hunter for the total purchase price of thirty-five thousand ($35,000) dollars on the following terms, to wit: Two thousand ($2,000) dollars as herein receipted for, eight thousand dollars on date of possession on or before September 16th, 1918, and balance of $25,000 in monthly payments of $600 per month until satisfied, with interest on balance of 7 per cent per annum, payable semi-annually. . . .

"It is agreed that if the title to said property is not good or cannot be made good in ten days, or if the owner does not approve of the above sale, this agreement is void, and the earnest money herein receipted for shall be refunded, but if the title to said property is good and the above sale is approved by the owner, and the purchaser neglects or refuses to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited as liquidated damages to the owner of said property. . . .

"Time is the essence of this contract.

"Seattle Hotel News.<br>"By S. P. Barash.

"I hereby agree to purchase the above property on the above terms.       E. R. Hunter."

On the 16th day of September, Mr. Hunter employed a manager for the hotel and sent him from Seattle to Portland to receive the property on the 16th day of September. After this manager had gone to Portland, the agent in Seattle informed Mr. Hunter that the owner of the building would not be ready to deliver possession on the 16th, but that he would be ready to do so very shortly. On the 23d of September, 1918, Mr. Barash, the agent in Seattle, informed Mr. Hunter that the owners of the hotel were ready for him to take possession. Thereupon, Mr. Hunter procured $8,000

from the bank in Seattle and he and Mr. Barash went
to Portland for the purpose of closing the contract.
When they arrived in Portland, Mr. Hunter was in-
formed that possession could not be given at that time.
He waited until the 27th day of September, when he
demanded the return of his money because possession
of the hotel had not been given. Thereafter he brought
this action to recover the deposit of $2,000 which he
had paid at the time the contract was entered into. The
agents, George W. Thorne, S. S. Barash and S. P.
Barash, doing business as the Seattle Hotel News, and
Mr. Radford and his wife, were all made parties.

After issues were joined, the case was tried to the
court without a jury. Upon the trial of the case, when
it appeared that the $2,000 had been paid over to Mr.
Radford, who was supposed to be the owner of the
property, and when it appeared that Mr. Radford had
approved the contract, the agents were dismissed from
the action. The trial proceeded as against Mr. Rad-
ford and wife, and resulted in a judgment in favor of
the plaintiff, Mr. Hunter, for $2,000. The defendants
Radford and wife have appealed from that judgment.

On the trial of the case, the evidence was conclusive
to the effect that Mr. Hunter had paid the $2,000 at the
time the contract was signed; that he went to Portland
with the agent who prepared and signed the contract;
that he took $8,000 along with him, which fact was
known to this agent, for the purpose of obtaining pos-
session of the property on the 16th or later, if it could
be given. When he arrived in Portland, Mr. Hunter
learned that title to the property had not been acquired
by Mr. Radford and Mr. Radford was not in a posi-
tion to deliver possession. Mr. Hunter waited until
September 27, and then, when possession was not of-
fered him, he demanded the return of his $2,000, which

was refused.  The defense was that the time was extended until October 1, and that, after October 1, Mr. Hunter himself defaulted in the payment, and therefore, under the contract, he was not entitled to the return of his $2,000.  Whether or not there was an extension of time was a disputed question.  Mr. Hunter testified positively that he made no agreement to extend the time to October 1.  Mr. Radford, on the other hand, testified that there was an agreement to that effect.  Upon this disputed testimony, the trial court was of the opinion, we think correctly, that there was no extension of the time to October 1 in which the contract should be performed.

The contract upon its face was to be performed within ten days, namely, on September 16, 1918.  It provided that time was the essence of the contract. The contract also provided that $8,000 was to be paid on the date of possession, and that, "if the title to said property is not good or cannot be made good in ten days, this agreement is void."  We think there can be no escape from the conclusion that, after the 16th day of September, 1918, if Mr. Hunter was not put in possession of the property, he was entitled to his $2,000 back.  He was not put in possession of the property within that time, and he therefore had a right to rescind the contract at any time.  He did so on the 27th day of September.

It is argued by the appellants that, before the respondent was entitled to rescission, it was his duty to tender the payment of $8,000.  We think, according to the terms of the contract, the $8,000 was not due until possession was given; but if we concede, for the purposes of this case, that the delivery of possession and the tender of payment were concurrent acts, the evidence clearly shows that Mr. Hunter had the money

in his possession with which to make the payments, and Mr. Barash, the agent of the appellant, knew this fact and knew that Mr. Hunter was in Portland for the purpose of taking possession, and up until the 27th day of September, the appellant was not in a position to deliver possession, because he, at that time, had not acquired the right of possession of the property, and did not do so, according to his own evidence, until October 1, 1918. Under these circumstances, it was not necessary for the respondent to tender the $8,000 and demand possession, because it was known that appellant at that time could not deliver possession.

The judgment of the trial court was clearly right and is therefore affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.